IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * Civil No. ADC-22-2180 |
| HAVRE DE GRACE ASSOCIATES LIMITED PARTNERSHIP and JACQUALYNN PAGE, | * |
| Defendants. | * |

\*\*\*\*\*\*

# CONSENT ORDER

## I. INTRODUCTION

1. The plaintiff, the United States of America, filed this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq*. ("the FHA").

2. The United States filed this action on August 29, 2022 on behalf of Sherri Blevins and Evette Thomas, in their capacity as Personal Representatives of the Estate of Cecil Turner, in accordance with 42 U.S.C. § 3612(o). The United States filed an Amended Complaint on [date].

3. The United States' Amended Complaint alleges that the defendant, Havre de Grace Associates Limited Partnership, was the owner of The Graw ("the subject property") from 2011, when Mr. Turner moved into the subject property, through August 2017.

4. The Complaint further alleges that Jacqualynn Page was the Site Manager of the subject property at all relevant times.

5. The subject property is a dwelling within the meaning of the FHA, 42 U.S.C. § 3602(b).

6. Havre de Grace Associates Limited Partnership represents that it is a dissolved entity and no longer owns the subject property in this case and that it is no longer in the business of operating rental housing. Jacqualynn Page represents that she owns no rental property in the United States and that she is no longer in the business of operating rental housing as an owner.

7. The Complaint alleges that Mr. Turner, now deceased, was a person with a disability within the meaning of the FHA, 42 U.S.C. § 3602(h) and that the defendants discriminated against Mr. Turner because of Mr. Turner's disability, in violation of 42 U.S.C. § 3604(f)(1)(A), (f)(2)(A), and (f)(3)(B). Specifically, the Complaint alleges that defendants refused to grant Mr. Turner's request for a reasonable accommodation to allow aides into his unit to help Mr. Turner with cleaning and preparing his unit for bed bug treatments and with other tasks Mr. Turner needed help with because of his disabilities. The Complaint also alleges that the defendants pursued Mr. Turner's eviction for over a year. The Defendants disputed those allegations.

8. On or about February 22, 2022, the United States Department of Housing and Urban Development ("HUD") issued a Charge of Discrimination ("Charge") on behalf of Sherri Blevins and Evette Thomas, in their capacity as Personal Representatives of the Estate of Cecil Turner, pursuant to 42 U.S.C. § 3601(g)(2)(A), charging defendants with engaging in discriminatory practices in violation of the FHA.

9. On March 9, 2022, defendants elected to have the claims asserted in the Charge resolved in a civil action heard in federal district court pursuant to 42 U.S.C. § 3612(a).

10. The parties agree that the claim against the defendants should be resolved without further proceedings or an evidentiary hearing. The defendants deny the allegations contained in the United States' Complaint. Therefore, as indicated by the signatures appearing below, the parties agree to the entry of this Consent Order to resolve the claims in the Complaint.

It is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

## II. MONETARY RELIEF FOR THE ESTATE OF CECIL TURNER

11. Within thirty (30) days of the entry of this Consent Order, the defendants shall pay the total sum of $15,000 in monetary damages to Sherri Blevins and Evette Thomas, in their capacity as Personal Representatives of the Estate of Cecil Turner, by delivering to counsel for the United States a check payable to the Estate of Cecil Turner.

12. As a prerequisite to receiving payment pursuant to Paragraph 11, Sherri Blevins and Evette Thomas, within 30 days of the entry of this Consent Order, shall execute and deliver to counsel for the United States a release of all claims, legal or equitable, that they may have, as Personal Representatives of the Estate of Cecil Turner, against the defendants relating to the claims asserted in this lawsuit. This release shall take the form of Appendix A to this Consent Order. When counsel for the United States has received the check, as required by Paragraph 11, from the defendants and the original signed release from Sherri Blevins and Evette Thomas, the Personal Representatives of the Estate of Cecil Turner, the United States shall deliver the check to Sherri Blevins and Evette Thomas, and the original signed release to counsel for the defendants.

## III. PROVISIONS REGARDING FUTURE RESIDENTAL RENTALS

13. Throughout the term of this Decree, if Havre de Grace Associates Limited Partnership and/or Jacqualynn Page begins residential rentals on any property they currently own or subsequently acquire, they shall take the actions listed in paragraphs 14-25.

14. Prior to beginning such rentals, provide written notice to counsel for the United States.

15. Within ten (10) days after beginning such rentals, post and prominently display in their rental and management offices in locations that are easily visible to residents and prospective residents, and at all other places on said properties in which announcements or vacancies are posted, a sign no smaller than ten inches by fourteen inches (10" x 14") indicating that all dwellings are available for rental on a nondiscriminatory basis. A poster that includes the content required by 24 C.F.R. § 110.25 and otherwise comports with 24 C.F.R. Part 110 will satisfy this requirement.

16. Within ten (10) days after beginning such rentals, ensure that all advertising in newspapers, telephone directories, radio, television, the Internet, or other media, and on signs, pamphlets, brochures and other promotional literature, includes a fair housing logo and the following sentence:

> We are an equal opportunity housing provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status or disability.

The words and logo should be prominently placed and easily legible.

17. Within thirty (30) days after beginning such rentals, adopt and implement specific, uniform and objective written standards and procedures for receiving and handling requests made by people with disabilities for reasonable accommodations. These standards shall

4

comply with the requirements of 42 U.S.C. § 3601, *et seq.*, and shall include the following elements:

> a. A provision describing where and how Havre de Grace Associates Limited Partnership and/or Jacqualynn Page will accept and process requests for accommodations in their rules, policies, practices, or services;
>
> b. A provision stating that each request for reasonable accommodation and response thereto shall be fully documented by Havre de Grace Associates Limited Partnership and/or Jacqualynn Page;
>
> c. A provision stating that all requests for accommodation shall be acknowledged, in writing, within ten (10) days of Havre de Grace Associates Limited Partnership and/or Jacqualynn Page's receipt of an oral or written request;
>
> d. A provision stating that Havre de Grace Associates Limited Partnership and/or Jacqualynn Page shall notify those requesting a reasonable accommodation in writing of their decision regarding the request for accommodation within thirty (30) days of Havre de Grace Associates Limited Partnership and/or Jacqualynn Page's receipt of the request; if Havre de Grace Associates Limited Partnership and/or Jacqualynn Page deny a request, they shall include an explanation of the basis for such denial in this written notification;
>
> e. A provision stating that Havre de Grace Associates Limited Partnership and/or Jacqualynn Page will retain the final written decision regarding the reasonable accommodation request in their files;

5

  f. A provision stating that Havre de Grace Associates Limited Partnership and/or Jacqualynn Page will consider all requests for accommodations because of disability and shall grant those requests that are reasonable and necessary within the meaning of the Fair Housing Act; and

  g. A provision stating that Havre de Grace Associates Limited Partnership and/or Jacqualynn Page shall not impose any additional fees or costs, or retaliate against any person who has exercised their right under the Fair Housing Act to make one or more reasonable accommodation requests.

18. Within thirty (30) days after beginning such rentals, provide a copy of the reasonable accommodation policy to each current resident of the property or properties, by delivering a copy by hand to each dwelling unit.

19. Within thirty (30) days after beginning such rentals, provide a copy of the reasonable accommodation policy to all prospective tenants at the time of application, to each new tenant at the time they sign their initial lease, and to each new employee at the time of hire.

20. Within thirty (30) days after beginning such rentals, post and prominently display the reasonable accommodation policy in their rental and management offices in locations that are easily visible to residents and prospective residents, and at all other places on their property or properties where announcements or vacancies are posted.

21. Keep written records of each request for reasonable accommodation they receive during the duration of this Consent Decree. These records shall include:

  a. the name, address, and telephone number of the person making the request;

  b. the date on which the request was received;

   c. the nature of the request;

   d. whether the request was granted or denied; and

   e. if the request was denied, the reason(s) for the denial.

22. Provide copies of this Decree to all of their agents and employees whose duties, in whole or in part, involve the management of rental units, within ten (10) days after they begin employment or agency with Havre de Grace Associates Limited Partnership and/or Jacqualynn Page.

23. Within thirty (30) days and thereafter on the anniversary of the date of entry of this Decree, submit to the United States a compliance report as provided by this section, except that the defendants shall submit the final report sixty (60) days prior to the expiration of this Decree. The compliance reports shall include:

   a. copies of any advertisements, pamphlets, brochures, or other promotional literature concerning Havre de Grace Associates Limited Partnership and/or Jacqualynn Page rental property; and

   b. copies of the records regarding reasonable accommodation requests referred to in paragraph 21 above.

24. For the duration of this Decree, Havre de Grace Associates Limited Partnership and/or Jacqualynn Page shall notify counsel for the United States, in writing, within fifteen (15) days of receipt of any complaint of housing discrimination against them or any of their agents or employees. Such notification shall include the date of the complaint, a copy of any written complaint or a description of the verbal complaint, and contact information (including mailing addresses and daytime and evening telephone numbers) for the complaining party. Within fifteen (15) days of the resolution of any such complaint, Havre de Grace Associates Limited

7

Partnership and/or Jacqualynn Page shall notify counsel for the United States, in writing, of the details of the resolution.

25. For the duration of this Decree, Havre de Grace Associates Limited Partnership and/or Jacqualynn Page shall preserve all records related to this Decree and any other documents related to the management or rental of units at their property or properties. Such documents include, but are not limited to, applications, leases, tenant files, policies and procedures and unit availability logs. Upon reasonable notice to Havre de Grace Associates Limited Partnership and/or Jacqualynn Page, representatives of the United States shall be permitted to inspect and copy any of Havre de Grace Associates Limited Partnership and/or Jacqualynn Page's records and inspect their offices at any and all reasonable times so as to determine compliance with the Consent Decree; provided, however, that the United States shall endeavor to minimize any inconvenience to Havre de Grace Associates Limited Partnership and/or Jacqualynn Page from such inspections.

### IV. MANDATORY EDUCATION AND TRAINING

26. Within ninety (90) days of the entry of this Consent Decree, Jacqualynn Page shall attend, at her expense, a training program lasting at least two (2) hours regarding the Fair Housing Act, including its disability provisions. The training shall be conducted by a qualified third party, approved by the United States, and unconnected to Defendants, their employees, agents, or counsel.

27. Jacqualynn Page shall obtain from the trainer or training entity a certificate of attendance. The certificate shall include the name of the course, the date the course was taken, the subject matters covered in the course, and the length of the course and/or time within which the course was completed.

## V. JURISDICTION, DURATION AND SCOPE

28. The parties stipulate, and the Court finds, that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and under 42 U.S.C. § 3612(o).

29. This Consent Order is effective immediately upon its entry by the Court.

30. The Court shall retain jurisdiction over this action for a period of two (2) years for the purpose of enforcing the terms of the Consent Order.

31. The United States may move the Court to extend the period in which this Consent Order is in effect if the United States believes the defendants violated one or more terms of the Consent Order or the interests of justice so require to effectuate the rights and obligations arising from this Consent Order. This action and the Complaint shall be deemed dismissed with prejudice upon the expiration of this Consent Order.

32. Any time limits for performance imposed by this Consent Order may be extended by mutual written agreement of the parties.

33. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event the defendants fail to perform in a timely manner any act required by this Consent Order or violate any provision of this Consent Order, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts and an award of damages, costs, and reasonable attorneys' fees that may have been occasioned by the defendants' violation or failure to perform.

## VI. COSTS OF LITIGATION

34. Except as provided for in Paragraph 34, all parties shall be responsible for their own attorneys' fees and costs associated with this action.

**DONE** and **ORDERED** in Baltimore, Maryland on June 7, 2023

_____
The Honorable A. David Copperthite
United States Magistrate Judge

**Signatures indicating agreement to entry of this Consent Decree:**

For the UNITED STATES OF AMERICA:

Erek L. Barron
United States Attorney

_____
Digitally signed by SARAH MARQUARDT
Date: 2023.06.05 16:09:20 -04'00'

Sarah A. Marquardt (Bar No. 17294)
Assistant United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
Ph: (410) 209-4800
sarah.marquardt@usdoj.gov

For Defendants:
HAVRE de GRACE ASSOCIATES LIMITED PARTNERSHIP; and
JACQUALYNN PAGE

Peter D. Fastow
Carney, Kelehan, Bresler, Bennett & Scherr LLP
10715 Charter Drive, Suite 200
Columbia, Maryland 21044
(410) 740-4600
pdf@carneykelehan.com

Walter E. Gillcrist, Jr.
Budlow & Noble, P.C.
12300 Twinbrook Parkway, Suite 540
Rockville, MD 20852
(301) 654-0896

Alan M. Schwartz
6421 Cardinal Lane
Columbia, Maryland 21044

11

# Appendix A

## GENERAL RELEASE OF CLAIMS

In consideration of the parties' agreement to the terms of the Consent Order entered in *United States of America v. Havre de Grace Associates Limited Partnership, et al.,* Case No. 1:22-cv-02180-ADC (D. Md) and the defendants' payment of $15,000, we, Sherri Blevins and Evette Thomas, Personal Representatives of the Estate of Cecil Turner (the "Estate"), on behalf of the Estate, the heirs, beneficiaries, and trustees of the Estate, and each of their personal representatives, heirs, agents, representatives, successors and assigns (individually and collectively "Releasors"), do hereby forever release the defendants, Havre de Grace Associates Limited Partnership and Jacqualynn Page, along with Metropolitan Association Development Corporation, and each of the foregoing's current and past board members, shareholders, limited and general partners, officers, directors, employees, agents, attorneys, representatives, personal representatives, estates, heirs, successors, assigns, community association managers (including but not limited to Jacqualynn Page), personally and as an entity, corporately or otherwise (individually and collectively "Released Parties"), from any and all liability for any actions, claims, legal or equitable, Releasors may have against any of them arising out of the issues related to the claim alleged in the above- referenced action or in our complaints to HUD. We hereby represent and warrant that we are currently authorized as Personal Representatives of the Estate to execute this General Release on behalf of the Estate and on behalf of all of the other Releasors. We acknowledge that we have read and understand this General Release, have received advice of counsel, and have executed it voluntarily and with full knowledge of its legal consequences.

Dated:

                                                **SHERRI BLEVINS**
**Personal Representative, Estate of Cecil Turner**

Dated:

                                                **EVETTE THOMAS**
**Personal Representative, Estate of Cecil Turner**

13